**FILED**

**JAN 1 3 2010**

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARMON ELLIOTT,                )
                               )
            Petitioner,        )
                               )
   v.                          )   Civil Action No. **10 0058**
                               )
ERIC HOLDER, U.S. ATTORNEY GENERAL, )
                               )
            Respondent.        )

## MEMORANDUM OPINION

This matter comes before the Court on review of petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus. The Court will grant the application and deny the petition.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). Where the action petitioner seeks to compel is discretionary, he has no clear right to relief and mandamus therefore is not an appropriate remedy. *See, e.g., Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Petitioner does not establish any of these elements.

Generally, petitioner challenges the Attorney General's decision not to prosecute the government officials he deems responsible for the abuse and torture of persons detained during



4

the so-called "war on terror." The Court has no power to compel the Attorney General to prosecute a particular individual or to investigate a particular matter. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Powell v. Katzenbach*, 359 F.2d 234, 234-35 (D.C. Cir. 1965) (per curiam), *cert. denied*, 384 U.S. 906 (1966) ("[T]he question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion."). Because petitioner fails to demonstrate his clear right to relief, the Attorney General's clear duty to act, and the lack of any other remedy, his petition will be denied.

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/ *[signature]*
United States District Judge

Date: Jan. 7, 2010